UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYLE TAYLOR, <br><br> Plaintiff, <br> v. <br><br> MCCRAY, <br><br> Defendant. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-cv-4513 (JBS-AMD) <br><br> **OPINION** |

APPEARANCES:

Kyle Taylor, Plaintiff Pro Se
813761
New Jersey State Prison
PO Box 861
Trenton, New Jersey 08625

**SIMANDLE, Chief District Judge:**

1. Plaintiff Kyle Taylor seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against McCray, first name and position unknown, of Talbot Hall.[1] Complaint, Docket Entry 1.

2. Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil

---

[1] Talbot Hall is a halfway house. Halfway houses are considered "institutional confinement" similar to prisons for purposes of § 1983. *See Asquith v. Dep't of Corr.*, 186 F.3d 407, 411 (3d Cir. 1999).

actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity,[2] *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(b) because Plaintiff is a prisoner proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

---

[2] To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). To say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West*, 487 U.S. at 49 (citation omitted). Plaintiff does not provide any facts regarding McCray's position at Talbot Hall. In the event Plaintiff elects to amend his complaint, he must set forth facts supporting an inference that McCray acted under color of state law.

4. To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff states: "I was call [sic] by McCray to come and go down stairs with my [sic] for a urine and that when this took place of [sic] McCray asking me to drop my pants and underwear down and turn around with my butt facing him and he state to urine in the cup . . . ." Complaint ¶ 6.

6. Plaintiff has not sufficiently alleged a Fourth Amendment violation for an improper strip search. Under the Fourth Amendment, inmates have a limited right of bodily privacy "subject to reasonable intrusions necessitated by the prison setting." *Parkell v. Danberg*, 833 F.3d 313, 325 (3d Cir. 2016). This right is very narrow, however. *Id.* at 326.

7. "The test of reasonableness under the Fourth Amendment . . . requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). A prisoner search policy is constitutional if it strikes a reasonable balance between the inmate's privacy and the needs of the institution. *Parkell*, 833 F.3d at 326 (citing *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 132 S. Ct. 1510, 1515, 1517 (2012)).

8. Plaintiff's cursory allegations that the strip search was illegal is insufficient to state a claim for relief. In the absence of further facts regarding the circumstances of the search, such as whether this urine test was random, conducted in the view of other persons, or if Talbot Hall has policies regarding conducting urine tests, the claim cannot proceed at this time. Plaintiff may address these deficiencies in an amended complaint, however.

9. Plaintiff further alleges the search constituted sexual harassment. "While it is possible for sexual abuse of a prisoner to violate the Eighth Amendment, a small number of incidents in which a prisoner is verbally harassed, touched, and pressed against without his consent do not amount to such a

4

violation." *Obiegbu v. Werlinger*, 581 F. App'x 119, 121 (3d Cir. 2014) (internal citation omitted). "Rather, 'isolated episodes of harassment and touching . . . are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve a harm of federal constitutional proportions as defined by the Supreme Court.'" *Id.* (quoting *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997)) (omission in original).

10. Plaintiff only alleges one instance of alleged harassment. He has therefore not sufficiently pled a federal constitutional violation. To the extent he alleges a state law claim, the Court declines to exercise supplemental jurisdiction as the federal constitutional claims are being dismissed. 28 U.S.C. § 1367(c)(3).

11. As Plaintiff may be able to allege facts that would cure the deficiencies noted by the Court, he shall be given leave to move to amend his complaint. Any motion to amend must include a proposed amended complaint.

12. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes

5

omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

13. For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. Plaintiff may move to amend his complaint within 30 days of the date of this Opinion and Order.

14. An appropriate order follows.

**April 25, 2017**            **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                    Chief U.S. District Judge